FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 06 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GOT I, LLC and KIDS II, INC.,

    Plaintiffs,

v.

XRT, INC. and DAVID EUGENE SILVERGLATE,

    Defendants.

Civil Action No.:
1:16-CV-0038

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs GOT I, LLC ("GOT I") and Kids II, Inc. ("Kids II"), by and through their undersigned attorneys, file this Complaint for Declaratory Judgment against Defendants XRT, Inc. and David E. Silverglate (collectively, "XRT" or "Defendants"), and in support respectfully state as follows:

### Nature and Basis of Action

1. This is an action for a declaratory judgment arising under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the Georgia Uniform Declaratory Judgment Act, O.C.G.A. § 9-4-1, *et seq.* GOT I and Kids II seek a declaratory judgment as to their rights under a Royalty Agreement dated December 30, 2010 between GOT I and Kids II, and Defendants ("the Royalty Agreement").

2. Specifically, this action concerns accusations made by Defendants against GOT I in a demand letter dated November 4, 2015 alleging that GOT I has failed to pay certain alleged royalties totaling $230,173.00 (allegedly consisting of $193,621.00 of unpaid royalties and $36,552.00 in interest) under the Royalty Agreement. Defendants claim that they are entitled to certain royalty rates under the Royalty Agreement for a number of products offered for sale and sold by Kids II. Defendants further claim that, in addition to paying past due royalties, GOT I must also continue to make future payments using the royalty rates set forth in Defendants November 4 demand letter. GOT I and Kids II dispute Defendants' claim for past due royalties, as well as the royalty rates that Defendants claim are due under the Royalty Agreement.

3. Accordingly, GOT I and Kids II request declarations that: (i) GOT I does not owe the unpaid royalties claimed in Defendants' November 4 demand letter; and (ii) that the royalty rates that Defendants claim are due under the Royalty Agreement are incorrect.

## The Parties

4. GOT I, LLC is a Delaware limited liability company having its principal place of business at 3333 Piedmont Road, Suite 1800, Atlanta, Georgia.

5. Kids II, Inc. is a Georgia corporation having its principal place of business at 3333 Piedmont Road, Suite 1800, Atlanta, Georgia.

6. Upon information and belief, XRT, Inc. is a California corporation having its principal place of business at 162 Archer Drive, Santa Cruz, California 95060. Upon further information and belief, XRT is the successor-in-interest to Rhino Toys, Inc., a party to the Royalty Agreement.

7. Upon information and belief, David E. Silverglate is a California resident that resides at 162 Archer Drive, Santa Cruz, California 95060. Upon further information and belief, XRT and Silverglate may be served by serving Silverglate at 162 Archer Drive, Santa Cruz, California 95060.

## Jurisdiction and Venue

8. This action raises claims seeking declaratory judgments of the parties' rights under the Royalty Agreement pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the Georgia Uniform Declaratory Judgment Act, O.C.G.A. § 9-4-1, *et seq.*, as this action presents an actual case or controversy within the Court's jurisdiction under those provisions.

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C., § 1332, and the Declaratory Judgment Act, 28 U.S.C.

§ 2201, *et seq*. This Court also has jurisdiction over the subject matter of Kids II's state law claim for declaratory relief under 28 U.S.C., § 1367.

10. This Court has personal jurisdiction over Defendants by virtue of the fact that Defendants have transacted business in this District and Division, have derived substantial revenue from goods offered for sale and/or sold in this District and Division, have traveled to this District and Division as an employee of Kids II and during the course of the negotiation of the Royalty Agreement, and/or have established sufficient minimum contacts with Georgia such that they are subject to personal jurisdiction in this Court.

11. A large portion of the events giving rise to these claims occurred in this District. Specifically, the Royalty Agreement in dispute was negotiated, in part, in this District, and many of the products that are allegedly subject to the royalties that have been demanded by Defendants under the Royalty Agreement were designed, offered for sale, and/or sold by Kids II in this District.

12. Further, Defendants, through conduct and statements directed to GOT I and Kids II in Atlanta, Georgia between November 4, 2015 and the present, have created in GOT I and Kids II an apprehension that they face a lawsuit for breach of contract or the continued threat of one if Kids II continues to manufacture, offer for

sale, and/or sell the products that are allegedly subject to the royalties demanded by Defendant under the Royalty Agreement.

10. Accordingly, this Court has personal jurisdiction over Defendants under the Georgia Long Arm Statute, O.C.G.A. § 9-10-91. Jurisdiction in Georgia over Defendants is consistent with the requirements of due process.

11. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2), as a substantial part of the events or omissions giving rise to GOT I's and Kids II's declaratory judgment claim occurred in this District.

## Factual Background

13. On December 30, 2010, Plaintiffs GOT I, LLC and Kids II, Inc., on the one part, and Defendants XRT, Inc. (via its predecessor-in-interest Rhino Toys, Inc.) and David E. Silverglate, on the other part, entered into an Asset Purchase Agreement. (*See* Asset Purchase Agreement ("APA"), attached hereto as Exhibit A). Pursuant to Section 15.13 of the APA, ████████████████████

14. The purpose of the APA provided for GOT I's purchase of the assets of Defendants' business, which is generally defined in the APA as "the production and sale of children's toy products in the children's gift and toy industry." (Ex. A, p. 1). Among the purchased assets was Defendants' "Intellectual Property," which

5

is defined in Section 15(b)(xxxvii) of the APA. Section 5.12(c) to the APA lists Defendants' "Intellectual Property," and Schedule 5.12(c-e) lists the specific Intellectual Property rights conveyed under the APA.

15. In connection with the APA, on December 30, 2013, the Plaintiffs and Defendants also entered into the Royalty Agreement. (*See* Royalty Agreement, attached hereto as Exhibit B). The Royalty Agreement provides for certain royalties that are recited as being "part of the consideration for the purchase of assets of [Defendants]." (Ex. B, § 2(d)).

16. The Royalty Agreement specifically provides for royalties to be paid by GOT I on various products sold by Kids II. The royalties include: ███

███████████████████████████████████████████

███████████████████████

17. ████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

█████████████████

18. ████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

19. GOT I is required to pay Rhino Toys a royalty of ████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████

20. ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████

21. ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████

22. █████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████

23. Specifically, for Kids II products that incorporate ████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████

24. From the inception of the Royalty Agreement until very recently, the parties have been harmoniously operating under the above described Residual Royalty terms of the Royalty Agreement.

25. However, on November 4, 2015, Defendants' counsel wrote a letter to GOT I accusing GOT I of failing to pay certain royalties pursuant to the Royalty Agreement. (*See* November 4 Demand Letter, attached hereto as Exhibit C).

8

26. Defendants allege in their November 4 Demand Letter that Kids II has sold a number of products that qualify as ███████████████ under the Royalty Agreement, but have not received any royalties for such products and/or have received a lower royalty rate than the ████████ required for such product under the Royalty Agreement. Such products include, for example, Kids II's ████████████████████████████████████████ ████████████████ product. A full listing of the Kids II products that Defendants assert qualify as ███████████████ under the Royalty Agreement are set forth in Defendant's November 4 Demand Letter. (*See* Ex. C, pp. 3-12).

27. Defendants further allege in their November 4 Demand Letter that Kids II has sold a number of products that qualify as ████████ under the Royalty Agreement, but have not received any royalties for such products and/or have not received the correct ███████████████ for such products under the Royalty Agreement. Such products include, for example, Kids II's ████████████████████████████████████████. A full listing of the Kids II products that Defendants assert qualify as ████████ ████ are set forth in Defendants' November 4 Demand Letter. (*See* Ex. C, pp. 3-12).

28. In view of the above, Defendants November 4 Demand Letter accuses GOT I of failing to pay royalties totaling $230,173.00 (allegedly consisting of $193,621.00 of unpaid royalties and $36,552.00 in interest) through September 15, 2015 under the Royalty Agreement.

29. Defendants November 4 Demand Letter gave GOT I an ultimatum to confirm in writing that it would render payment of the alleged $230,173.00 in past due royalties and continue future payments using the royalty rates set forth in the letter by November 30, 2015. (*See* Ex. C).

30. Although Defendants contend that GOT I must pay past due royalties under the Royalty Agreement and continue future payments using the royalty rates set forth in Defendants November 4 Demand Letter, GOT I and Kids II disagree that any royalties are past due. GOT I and Kids II further disagree that GOT I must continue future payments using the royalty rates set forth in Defendants' November 4 Demand Letter, as the rates are not consistent with the terms of the Royalty Agreement.

31. A representative of Kids II and a representative of Defendants have had several business discussions in an attempt to resolve this dispute without the need for the Court's intervention. However, the parties have not been able to resolve their differences regarding the issues in dispute.

## COUNT I - DECLARATORY JUDGMENT

32.  GOT I and Kids II incorporate and re-allege the allegations contained in Paragraphs 1 through 31 above as if fully set forth herein.

33.  Defendants have asserted that GOT I has failed to pay a ▮▮▮▮▮ on certain alleged ▮▮▮▮▮ pursuant to the Royalty Agreement. GOT I and Kids II deny that the products listed in Defendants' November 4 Demand Letter qualify as ▮▮▮▮▮ under the terms of the Royalty Agreement, and further deny that Defendants are entitled to a ▮▮▮▮▮ on such products.

34.  Defendants have also asserted that GOT I has failed to pay the correct ▮▮▮▮▮ on certain alleged ▮▮▮▮▮ pursuant to the Royalty Agreement. GOT I and Kids II deny that Defendants are entitled to the ▮▮▮▮▮ set for the in the letter.

35.  As a result of the accusations in the November 4 Demand Letter, and GOT I's and Kids II's denial of the same, Defendants have created a reasonable apprehension of suit against GOT I and Kids II. Accordingly, there is a present and actual case or controversy between the parties regarding the appropriate royalties, if any, that are due under the Royalty Agreement.

36. The existence of this dispute creates a justiciable controversy between the parties, which this Court may hear pursuant to 28 U.S.C. § 2201(a) and O.C.G.A. § 9-4-1. The Court can further grant additional relief, including injunctive relief and damages, pursuant to 28 U.S.C. § 2202 and O.C.G.A. O.C.G.A. § 9-4-2.

### PRAYER FOR RELIEF

WHEREFORE, GOT I and Kids II pray that this Court enter judgment in favor of GOT I and Kids II and against Defendants as follows:

A. Declaring that GOT I and Kids II have fulfilled and are continuing to fulfill their obligations under the Royalty Agreement;

B. Declaring that the past due royalties and royalty rates alleged in Defendants' November 4 Demand Letter are inconsistent with the parties obligations under the Royalty Agreement;

C. Declaring that certain Kids II products do not qualify as ▌ ▌ pursuant to the Royalty Agreement;

D. Declaring that certain Kids II products are not subject to the ▌ set forth in Defendants November 4 Letter;

E. Enjoining Defendants, pending the final adjudication of this action, and permanently afterwards, from prosecuting, bringing or threatening to bring any action against GOT I and Kids II for the alleged failure to pay royalties;

F. Awarding GOT I and Kids II their fees and costs associated with bringing and prosecuting this action, including their reasonable attorneys' fees; and

G. Granting GOT I and Kids II such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

GOT I and Kids II demand trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

This 6th day of January, 2016.

Respectfully submitted,

/s/ Scott P. Amy
Scott P. Amy
Georgia Bar No. 141416
Wesley A. Roberts
Georgia Bar No. 867277
THOMAS | HORSTEMEYER LLP
400 Interstate North Parkway SE
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
*scott.amy@thomashorstemeyer.com*
*wesley.roberts@thomashorstemeyer.com*

/s/ Joseph W. Staley
Joseph W. Staley
Georgia State Bar No. 142571
KIDS II, INC.
3333 Piedmont Road NE #1800
Atlanta, Georgia 30305
Telephone: (770) 751-0442
Facsimile: (770) 751-0543
*joe.staley@kidsii.com*

*Counsel for Plaintiffs GOT I, LLC and Kids II, Inc.*