IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GOT I, LLC and KIDS II, INC.,<br><br>     Plaintiffs,<br><br>v.<br><br>XRT, INC. and DAVID EUGENE SILVERGLATE,<br><br>     Defendants. | 1:16-cv-38-WSD |

## OPINION AND ORDER

On January 6, 2016, Plaintiffs GOT I, LLC and Kids II, Inc. ("Plaintiffs") filed their Complaint [1] against Defendants XRT, Inc. and David Eugene Silverglate ("Defendants"), seeking a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. (the "DJA"), and the Georgia Uniform Declaratory Judgment Act, O.C.G.A. § 9-4-1, et seq.

To satisfy that it has jurisdiction over this action, on January 15, 2016, the Court ordered Plaintiffs to file an amended complaint properly alleging the citizenship of Plaintiff GOT I, LLC and Defendant David E. Silverglate. (January 15, 2016, Order [6]).

On February 1, 2016, Plaintiffs filed their Amended Complaint [7]. The Amended Complaint properly alleges the citizenship of Defendant Silverglate, but

fails to properly allege the citizenship of Plaintiff GOT I, LLC.  The Amended Complaint alleges:  "GOT I, LLC is a Delaware limited liability company having its principal place of business at 3333 Piedmont Road, Suite 1800, Atlanta, Georgia.  The members of GOT I, LLC are all citizens of Georgia.  Because of the citizenship of its members, GOT I, LLC is a citizen of Georgia."  This allegation is insufficient to establish citizenship, because Plaintiffs are required to specifically identify each member of GOT I, LLC and the citizenship of each member.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."); VCNA U.S. Materials, Inc. v. Limerock Creek Inv. Co., LLC, No. 5:10-cv-380 (HL), 2010 WL 4314294, at *1 (M.D. Ga. Oct. 21, 2010) ("Plaintiff is to identify each member of the LLCs and provide his, her, or its place of citizenship.").

The Court is required to dismiss this action, unless Plaintiffs file a Second Amended Complaint alleging sufficient facts to show the Court's jurisdiction.  See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establish jurisdiction).  The Court will not grant Plaintiffs any additional opportunities to establish that the Court has

jurisdiction over this action. In addition, failure to comply with this Order will result in dismissal pursuant to Local Rule 41.3(A)(2), NDGa.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs GOT I, LLC and Kids II, Inc. must file a Second Amended Complaint, on or before February 8, 2016, that adequately alleges the citizenship of the parties.

**SO ORDERED** this 1st day of February, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE