# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **GOT I, LLC and KIDS II, INC.,** | |
| **Plaintiff,** | |
| v. | **1:16-cv-38-WSD** |
| **XRT, INC. and DAVID EUGENE SILVERGLATE** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs GOT I, LLC and Kids II, Inc.'s ("Plaintiffs") Motion for Leave to File Third Amended Complaint [38] ("Motion to Amend").

**I.     BACKGROUND**

On January 6, 2016, Plaintiffs filed their Complaint [1], seeking a declaratory judgment against Defendants XRT, Inc. and David E. Silverglate ("Defendants"). Plaintiffs' claims arise out of a December 30, 2010 royalty agreement between the parties (the "Royalty Agreement"). Plaintiffs allege that, in November 2015, Defendants sent GOT I a demand letter stating that GOT I failed to pay certain alleged royalties. Plaintiffs seek a declaratory judgment that they do not owe the allegedly unpaid royalties.

Plaintiffs state that, on June 1, 2016, Defendants sent Plaintiffs a "notice of material breach" of the Royalty Agreement, and, on July 1, 2016, Defendants attempted to terminate the entire agreement. Plaintiffs contend they have not materially breached the Royalty Agreement, and that Defendants' termination is a breach of the Royalty Agreement and is also a breach of the implied covenant of good faith and fair dealing.

On August 31, 2016, Plaintiffs filed their Motion to Amend. Plaintiffs seek to amend their Second Amended Complaint [9][1] to add counts for breach of contract and breach of the implied covenant of good faith and fair dealing. Defendants oppose Plaintiffs' Motion to Amend, arguing amendment would be futile because Plaintiffs failed to allege that they have suffered any damages as a result of any breach.

---

[1] Because Plaintiffs presented insufficient jurisdictional allegations in their original Complaint, the Court required Plaintiffs to cure the jurisdictional deficiencies, resulting in the filing of Plaintiffs' First and Second Amended Complaints.

**II.   DISCUSSION**

    A.   <u>Legal Standard</u>

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed either within 21 days of service of the original complaint or within 21 days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss.  <u>See</u> Fed. R. Civ. P. 15(a)(1).  Amended complaints outside of these time limits may be filed only "with the opposing party's written consent or the court's leave."  <u>See</u> Fed. R. Civ. P. 15(a)(2).

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "There must be a substantial reason to deny a motion to amend." <u>Laurie v. Alabama Court of Criminal Appeals</u>, 256 F.3d 1266, 1274 (11th Cir. 2001).  "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"  <u>Id.</u> (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

B.    Analysis

Defendants oppose Plaintiffs' Motion to Amend, arguing amendment would be futile because Plaintiffs failed to allege that they have suffered any damages as a result of any breach.  The proposed Third Amended Complaint [38.1] alleges: " . . . GOT I and Kids II request damages in an appropriate amount to compensate them for Defendants['] breach of the Royalty Agreement and breach of the implied covenant of good faith and fair dealing under the Royalty Agreement."  (Third Am. Compl. ¶ 6).  The Third Amended Complaint also alleges that "GOT I and Kids II continue to perform under the Royalty Agreement" and that Plaintiffs fear "they face a lawsuit for breach of contract or the continued threat of one if Kids II continues to manufacture, offer for sale, and/or sell the products that are allegedly subject to the royalties demanded by Defendant under the Royalty Agreement." (Third Am. Compl. ¶¶ 16, 48).  Though not explicitly enumerated, based on Plaintiffs' allegations, it is reasonable to infer Plaintiffs' damages from the alleged breach consist of, at least, the loss of the benefit of the Royalty Agreement.

Plaintiffs ask that, if the Court finds Plaintiffs' factual allegations insufficient to establish damages, they be granted leave to add allegations to their Third Amended Complaint that (1) Plaintiffs have incurred, among other damages,

4

escrow fees and accounting costs in an amount to be proved at trial, and (2) Defendants' breach is an attempt to deprive Plaintiffs of the benefit of the Royalty Agreement, which was intended to share and defer risk over a period time, and, following the breach, Defendants claimed that Plaintiffs immediately owed over $100 million. Because it appears amendment would not be futile, the Court allows Plaintiffs to add these allegations to their proposed Third Amended Complaint, and their Motion to Amend is granted. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint [38] is **GRANTED**. Plaintiffs shall file, on or before October 12, 2016, their Third Amended Complaint.

**SO ORDERED** this 5th day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE