IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GOT I, LLC and KIDS II, INC., <br><br> **Plaintiffs,** <br><br> v. <br><br> XRT, INC. and DAVID EUGENE SILVERGLATE, <br><br> **Defendants.** | 1:16-cv-38-WSD |

## **ORDER**

This matter is before the Court to address persistent discovery issues presented by the parties, including those discussed during a telephone conference today. Based on the parties' inability to efficiently process, and professionally communicate about, the discovery in this matter,

**IT IS HEREBY ORDERED** that counsel for Plaintiffs, including Ruben Rodrigues, Dan Gresham, and Wesley Roberts, and counsel for Defendants, including Hank Fellows, Amy Durrence, Stanton Gallegos, and Adam Starr, shall attend, at 2:30 p.m. on January 10, 2017, a global hearing on discovery in Courtroom 1705, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. Plaintiffs and Defendants will each have present at the

conference an executive vice-president or higher-grade officer other than counsel for the parties.

**IT IS FURTHER ORDERED** that, on or before 5:00 p.m. on January 5, 2017, each party shall file their "Fact Disclosure" in which they will each provide the following information:

1. Each legal claim upon which the party contends it is entitled to a remedy;

2. A list of each item of alleged damage to which the party contends it is entitled to recover in this action. For each item, the party shall:

    a. State the amount of damage claimed;

    b. State the factual basis for each damage item;

    c. Identify each document that supports the damage claimed; and

    d. Identify the business person (a person who is not a lawyer for the party) who has the most comprehensive knowledge about the damage claimed and the basis for the claim.

3. A list of each product the party admits is subject to the Royalty Agreement. For each product, state whether it was being sold on the date the Royalty Agreement was signed and, if not, the date on which sales commenced;

4. A list of each product the party contends is a "Newly Developed Product" not covered by the Royalty Agreement, and, if covered, state in detail the basis on which the party contends it is covered by the Royalty Agrement; and

5. Defendants shall identify in detail the "intellectual property embedded in the existing products" upon which it contends the Royalty Agreement requires Plaintiffs to pay a royalty, and shall list each

specific product on which it contends Plaintiff is required to pay a royalty.

**IT IS FURTHER ORDERED** that, on or before 5:00 p.m. on January 6, 2017, each party shall file its detailed summary of each and every other outstanding discovery dispute it has with opposing counsel. This summary shall not exceed ten (10) pages.

**SO ORDERED** this 21st day of December, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE